Ruben HARRISON, Individually and on behalf of all others similarly situated, Plaintiff-Appellant,

v.

Frank DYSON, etc., et al., etc., Defendants-Appellees,

Arthur Lee Smith, Intervenor-Appellant.

No. 73-2967.

United States Court of Appeals, Fifth Circuit.

April 19, 1974.

That decision has now been reversed by the Supreme Court sub nom. Steffel v. Thompson, —— U.S. ——, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974). The judgment of the district court is vacated and remanded for reconsideration in light of *Steffel*, and for further proceedings not inconsistent therewith.

Vacated and remanded with direction.

Dwight H. Moore, DeSoto, Tex., Edward Walter Dunbar, El Paso, Tex., for plaintiff-appellant.

N. Alex Bickley, City Atty., Lois Bacon, T. Alex Eastus, Asst. City Attys., Dallas, Tex., for defendants-appellees.

Before ALDRICH, Senior Circuit Judge,[*] and BELL and GEE, Circuit Judges.

PER CURIAM:

Plaintiff-Appellants, habitual traffic offenders who claim to be indigent, challenged certain sentencing procedures of the Dallas municipal courts as violating Tate v. Short, 1971, 401 U.S. 395, 91 S. Ct. 668, 28 L.Ed.2d 130, and Argersinger v. Hamlin, 1972, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530. Their objections were to the alleged automatic conversion of fines to terms in jail, and to the imposition of such jail terms without affording counsel to indigent defendants. Declaratory and injunctive relief was sought.

The complaint, insofar as it related to defendants' future conduct,[1] was dismissed on the authority of Becker v. Thompson, 5 Cir., 1972, 459 F.2d 919.

---

[*] Hon. Bailey Aldrich, Senior Circuit Judge of the First Circuit, sitting by designation.

[1] In view of our remand, we do not reach any issue arising from the dismissal on the ground of mootness of that part of the case having to do with defendants' past conduct.

